# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Amy C. Forrester, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:12-cv-02111-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 26), filed October 8, 2013, regarding Plaintiff Amy C. Forrester's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). On July 27, 2012, Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) The magistrate judge recommends that the court affirm the Acting Commissioner's final decision. (ECF No. 26 at 1.)

For the reasons set forth below, the court **REJECTS** the magistrate judge's Report. The Acting Commissioner's final decision is thereby **REVERSED** and this action is **REMANDED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the factual summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

1

Plaintiff filed an application for DIB on June 19, 2008, regarding a disability which she alleged began on November 2, 2007.[1] (Tr. 16, 99–105.)[2] The Acting Commissioner initially denied Plaintiff's application and denied it again upon reconsideration. *Id.* On July 8, 2010, Plaintiff had a hearing before an administrative law judge ("ALJ"). (*See* Tr. 31–46.) On August 24, 2010, the ALJ found that Plaintiff was not disabled. (Tr. 13–30.) The ALJ determined that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, depression, and anxiety. (Tr. 18.) The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work with the following specifications:

> [N]o climbing of ladders, ropes, or scaffolds, occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, crawling, and overhead reaching. [Plaintiff] was additionally limited to the performance of simple, routine, repetitive tasks.

(Tr. 20.) As further discussed below, the central issue before the court is whether the ALJ properly evaluated the opinion of Plaintiff's pain management specialist Dr. William B. Richardson, and whether the ALJ conducted a proper credibility determination.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying her claim for DIB. (ECF No. 1.) The magistrate judge reviewed Plaintiff's case and provided the Report to the court. (ECF No. 26.) Among the several recommendations of the Report, the magistrate judge found that the ALJ's decision to accord little weight to Dr. Richardson's opinion was supported by substantial evidence. *Id.* at 25. The magistrate judge also concluded that the ALJ reached an appropriate credibility determination. *Id.* at 29. For these reasons,

---

[1] Plaintiff initially alleged an onset date of November 2, 2001, but amended the date to November 2, 2007, at the hearing. (Tr. 16.)

[2] The court cites to pages in the transcript of the administrative record and not to the electronic case filing page numbers.

2

among others, the magistrate judge recommended that the court affirm the Acting Commissioner's final decision. *Id.* at 30.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).

"[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Plaintiff objects to the Report on two grounds. First, Plaintiff argues that the ALJ's discounting of Dr. Richardson's impressions was not based on substantial evidence. (ECF No. 34 at 2.) Specifically, Plaintiff's objection focuses on the ALJ's conclusion that Dr. Richardson's assessed limitations were unsupported by the medical evidence in the record. *Id.* Second, Plaintiff contends that the ALJ's evaluation of Plaintiff's credibility was improper and raises several arguments in this regard. The court will address each of Plaintiff's objections in sequence.

### The ALJ's Discounting of Dr. Richardson's Opinion

The ALJ accorded limited weight to the impressions of Plaintiff's treating physician, that Plaintiff could not perform work, even at the sedentary level. (Tr. 22.) The ALJ reasoned that Dr. Richardson had few clinical findings to support such a restrictive assessment. *Id.* As an example of what the ALJ considered inadequate grounding within Dr. Richardson's treatment records, the ALJ cited a February 2010 report which found that while Plaintiff's muscles were tender to palpation, she demonstrated negative straight leg raising with no motor or sensory deficits noted. *Id.* The ALJ also gave significant weight to the opinion of consultative mental health examiner Dr. Francis Fishburne who stated that Plaintiff had a GAF of 70. *Id.* The ALJ gave some weight to the opinions of state agency medical consultants whose findings indicated that Plaintiff was not disabled. *Id.* Based on the ALJ's review of the medical evidence, he concluded that Plaintiff's treatment of her degenerative disc disease had been essentially routine

4

and generally successful in controlling her symptoms. (Tr. 23.) The ALJ stated that Plaintiff's medical records failed to show the disabling pain which Dr. Richardson's impressions would suggest. *Id.* The ALJ also noted that while Plaintiff had undergone cervical and lumbar laminectomies in the past, she had not been recommended for additional surgery. *Id.*

Ordinarily, a treating physician's opinion is entitled to great weight. *See Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir. 2001); 20 C.F.R. § 416.927. Where the treating physician's findings are "well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in the record," the ALJ must grant it controlling weight. *Id.;* SSR 96-2P, 1996 WL 374188 (July 2, 1996). However, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178; 20 C.F.R. § 416.927. When the ALJ decides against granting controlling weight to the treating source's opinion, the ALJ must consider a set of factors, namely: the length, nature, and extent of the treatment relationship; the frequency of examination; the supportability of the physician's opinion; the extent to which the opinion is consistent with the record; and whether the treating physician is a specialist for the medical issue involved. 20 C.F.R. § 404.1527(c)(2). Additionally, the ALJ's decision must provide an explanation with solid reasoning for reducing the weight of a treating physician's opinion. SSR 96-2P, 1996 WL 374188 (July 2, 1996). The Social Security Regulations state, in relevant part:

> [The ALJ's] decision must contain specific reasons for the weight given to the treating source's medical opinion…and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Id.*

Upon a review of the record, the court finds that Dr. Richardson's assessment of Plaintiff's limitations is not clearly inconsistent with the other substantial medical evidence. As

Plaintiff notes in her objections, her treating pain management specialists, including Dr. Richardson, noted several conditions throughout their treatment of Plaintiff which could reasonably be expected to cause debilitating pain.  (ECF No. 34 at 4–5) (citing, *inter alia*, Tr. 276–79, 283, 473, 504–07.)  Because Dr. Richardson is a treating physician and also a specialist for Plaintiff's medical issue, the court finds that the ALJ's explanation for according Dr. Richardson's opinion limited weight is materially lacking.

Specifically, the treatment record the ALJ cited in support of the notion that Dr. Richardson's opinion was unsupported concerned an evaluation outside of Plaintiff's alleged disability period.[3]  The GAF score by the mental health examiner which the ALJ gave considerable weight did not pertain to Plaintiff's pain but was instead related to Plaintiff's purported mental impairments.  Moreover, as the ALJ noted, the opinions of state agency consultants, alone, are generally not entitled to great weight.  SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996) ("[T]he opinions of State agency medical and psychological consultants…can be given weight only insofar as they are supported by evidence in the case record[.]")  Therefore, the court finds that the ALJ's discounting of Dr. Richardson's opinions falls short of the solid reasoning required to reduce the weight of a treating physician's opinion.

**The ALJ's Credibility Determination**

In evaluating the pain alleged by a plaintiff, the ALJ should consider whether there is objective evidence of an impairment that could have reasonably caused the pain alleged.  20 C.F.R. § 404.1529(c)(2).  The ALJ must also consider other, non-objective, evidence regarding the severity of the pain including the plaintiff's own statements.  20 C.F.R. § 404.1529(c)(3).  Plaintiff objects that the ALJ did not properly assess Plaintiff's subjective complaints, in part

---

[3] Plaintiff alleges a disability period from November 2, 2007 through March 31, 2009.  (Tr. 25.)

because the ALJ did not consider that Plaintiff's complaints were supported by the impressions of Dr. Richardson.  (*See* ECF No. 34 at 16.)  Given the court's decision to remand this action to the ALJ for further consideration of Dr. Richardson's opinion, the court also instructs the ALJ to reconsider Plaintiff's credibility in light of that determination.

## CONCLUSION

For the foregoing reasons, the court **REJECTS** the magistrate judge's Report and Recommendation (ECF No. 26).  The court thereby **REVERSES AND REMANDS** the Acting Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

March 31, 2014
Columbia, South Carolina