# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Amy C. Forrester, ) | Civil Action No. 1:12-cv-02111-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Carolyn W. Colvin, ) | **ORDER AND OPINION** |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Amy C. Forrester ("Plaintiff") filed this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") regarding Plaintiff's claim for Disability Insurance Benefits ("DIB"). (ECF No. 1.) The court rejected the Magistrate Judge's Report and Recommendation ("Report") and reversed and remanded the Acting Commissioner's final decision. (ECF No. 39.)

This matter is before the court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking attorney's fees in the amount of $7,606.19 and costs in the amount of $350.00 for a total of $7,956.19. (Id. at 1.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Attorney's Fees with respect to attorney's fees in the amount of $7,890.74, and **GRANTS** Plaintiff's Motion for Attorney's Fees with respect to costs in the amount of $350.00. (ECF Nos. 41, 43).

## I.  RELEVANT BACKGROUND TO THE PENDING MOTION

Plaintiff filed an application for DIB on June 19, 2008. (ECF No. 7-2 at 17.) The administrative law judge ("ALJ") found that Plaintiff was not disabled. (Id. at 14–31.) Although

1

Plaintiff had severe impairments of cervical and lumbar degenerative disk disease, depression, and anxiety, the ALJ concluded Plaintiff had a residual functional capacity ("RFC") to perform sedentary work with some specifications.[1] (Id. at 21.) Plaintiff filed this action to obtain judicial review of the final decision of the Acting Commissioner, denying her claim for DIB. (ECF No. 1.)

The Magistrate Judge's Report recommended the court affirm the Acting Commissioner's final decision, specifically recommending that the ALJ's decision to accord little weight to Dr. Richardson's opinion was supported by substantial evidence and that the ALJ reached appropriate credibility determinations. (ECF No. 26 at 25, 29-30.) On March 31, 2014, the court rejected the Magistrate Judge's Report and reversed and remanded the Acting Commissioner's final decision. (ECF No. 39.)

Plaintiff filed a Motion for Attorney's Fees pursuant to the EAJA on April 30, 2014. (ECF No. 41.) The Acting Commissioner filed a Response in Opposition on May 19, 2014, (ECF No. 42) to which Plaintiff replied on May 30, 2014. (ECF No. 43.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>Motions for Attorneys' Fees, Costs, and Expenses under the EAJA</u>

The EAJA allows for a party who prevails in litigation against the United States to be awarded attorneys' fees and costs upon timely petition, as long as the Commissioner's position was not "substantially justified" and no special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1); <u>see</u> <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991). In evaluating a request for attorneys' fees and costs pursuant to EAJA, the Commissioner bears the burden of

---

[1] "[N]o climbing of ladders, ropes, or scaffolds, occasional climbing of ramps and stairs, balancing, stopping, kneeling, crouching, crawling, and overhead reaching. [Plaintiff] was additionally limited to the performance of simple, routine, repetitive tasks." (ECF No. 7-2 at 21.)

2

proving that the agency's position was substantially justified, and to meet that burden, the Commissioner must establish that the agency's position has a reasonable basis in both law and fact. Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). "In other words, favorable facts will not rescue the [Commissioner] from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Id.

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorneys' fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011, 1013 (4th Cir. 1984). Where the Commissioner's position was a result of the failure to perform a certain analysis required by the law and its regulations, the Commissioner's position was not substantially justified. Etheredge v. Astrue, C/A No. 4:08-3167-SB, 2010 WL 2926171, at *1 (D.S.C. July 23, 2010) (citing Randolph v. Sullivan, 738 F. Supp. 305, 306 (C.D. Ill. 1990)).

B.     The Parties' Arguments

Plaintiff moves for an award of a total of $7,606.19 in attorney's fees plus costs of $350.00 for a total of $7,956.19, along with any additional services rendered by counsel or expenses incurred as a result of this motion.[2] (ECF No. 41 at 1-2.) Plaintiff contends that the Acting Commissioner's position was not "substantially justified" under the definition of the term in the EAJA, causing Plaintiff to retain counsel and entitling Plaintiff to an award for reasonable attorney's fees. (Id.) Plaintiff requests if the court awards attorney's fees that the checks, payable

---

[2] Fees for Robertson Wendt total $4,306.19 ($189.70 per hour for 22.7 hours) justified by an increase in the cost of living since the amendment of the EAJA. (ECF No. 41 at 1-2.) Fees for Geoffrey Wendt total $3,300.00 ($125.00 per hour for 26.4 hours) (Id. at 1.)

3

to Plaintiff, are delivered to the offices of Plaintiff's attorneys. (Id. at 2.)

The Acting Commissioner opposes the awarding of attorney's fees as she contends that her position was substantially justified since both the ALJ's decision and the Acting Commissioner's defense of that decision were reasonable. (ECF No. 42 at 1, 5). She does not oppose the request for costs of $350.00 (Id. at 1.) The Acting Commissioner contends that since "reasonable people can disagree whether the [ALJ's] decision in this case was appropriate, the Commissioner was substantially justified . . . ." (Id. at 3.) The Acting Commissioner supports her contention with the same arguments she initially made in her brief on the merits of this case: (1) Dr. Richardson's opinion regarding Plaintiff's RFC and credibility post-dates the expiration of Plaintiff's insurance; (2) the ALJ noted this opinion was not supported by Dr. Richardson's physical examination findings; and (3) the Global Assessment of Functioning score the ALJ relied on to assess this opinion was consistent with Dr. Richardson's repeated mental functional findings on examination during the relevant time period. (Id. at 3-5.) The Acting Commissioner further contends that the Magistrate Judge's recommendation that the ALJ's decision be affirmed weighs in favor of her position being substantially justified. (Id. at 5.) Lastly, the Acting Commissioner contends that "any award of attorney's fees should be made payable to Plaintiff rather than Plaintiff's counsel." (Id. at 6.)

In her reply, Plaintiff reasserts that the Acting Commissioner's position was not substantially justified, as it had "no reasonable basis in law." (ECF No. 43 at 3.) Plaintiff clarifies that her initial request was to have the checks made payable to her, but to have them delivered to her counsel's office. (Id. at 4.) Lastly, Plaintiff requests an additional $284.55 in attorney's fees for the time her counsel spent preparing this reply, bringing the total including uncontested costs

4

to $8,240.74.[3]

C. The Court's Review

There is no contention that any special circumstances exist that would make the awarding of attorney's fees unjust, so the court limits its review to whether the Acting Commissioner's position was substantially justified.

A claimant is not entitled to attorney's fees under EAJA simply because the ALJ's decision was reversed for lack of substantial evidence. See Strong v. Comm'r of Soc. Sec. Admin., 461 F. App'x 299, 300 (4th Cir. 2012) (citation omitted). The fact that a Magistrate Judge recommended affirmation of the Acting Commissioner's position does not by itself establish substantial justification, See United States v. Paisley, 957 F.2d 1161, 1167 (4th Cir. 1992) ("[S]ubstantial justification issue cannot be transformed into an up-or-down judgment on the relative reasoning powers of Article III judges who may have disagreed on the merits of a Government litigation position."), but it does weigh in favor of a determination that the issue at hand is one "about which reasonable minds could disagree." Proctor v. Astrue, No. 5:11-311-JFA, 2013 WL 1303115, at *2 (D.S.C. Mar. 29, 2013). The Report and the Magistrate Judge's rationale "are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position." Paisley, 957 F.2d at 1167. Upon a review of the Report (ECF No. 26 at 20–29), though the court ultimately differed in its interpretation of the ALJ's conclusions, the Magistrate Judge did present a reasonable analysis of the evidence that led to the Report's recommendation that the Acting Commissioner's decision be affirmed. In its remand order (ECF No. 39), this court did not suggest any "failure to perform a certain analysis required by the law" that would make the Acting Commissioner's position substantially unjustified. Etheredge, 2010

---

[3] Additional fees for Robertson Wendt total $284.55 ($189.70 per hour for 1.5 hours). (ECF No. 43 at 5.)

WL 2926171, at *1. Although this court found the Acting Commissioner's position to "fall short of the solid reasoning required" (ECF No. 39 at 6), these shortcomings do not reach a level sufficient to merit a finding that the position was not substantially justified.

The Acting Commissioner does not contest that Plaintiff is the prevailing party, nor does she oppose Plaintiff's request for reimbursement of filing costs. (ECF No. 42 at 1). As such, though Plaintiff is not entitled to attorney's fees, an award of costs is proper. 28 U.S.C. § 2412(a)(1) ("costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity . . . .").

### III.    CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's Motion for Attorney's Fees with respect to attorney's fees in the amount of $7,890.74, and **GRANTS** Plaintiff's Motion for Attorney's Fees with respect to costs in the amount of $350.00. (ECF Nos. 41, 43).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 22, 2015
Columbia, South Carolina