IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Amy C. Forrester,                               ) | |
| ) | |
| Plaintiff,      ) | Civil Action No.: 1:12-cv-02111-JMC |
| v.                                              ) | |
| ) | |
| Commissioner of the                             ) | **ORDER** |
| Social Security Administration,                 ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

Plaintiff's attorney, Robertson H. Wendt, Jr. ("Counsel"), filed the instant action (ECF No. 46) for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) and Local Rule 83.VII.07 (D.S.C.).[1]  On October 11, 2016, Counsel filed a Motion for Attorney's Fees (ECF No. 46)[2] seeking reimbursement for Counsel's representation in the captioned matter,[3] in the amount of $15,043.00 for attorney fees, less the amount of $6,000.00 previously paid by the Commissioner of the Social Security Administration ("Defendant") to Counsel.  The $15,043.00 award amounts to twenty-five percent of the past-due benefits withheld by the Social Security Administration ("SSA") for attorney's fees.  (*See* Notice of Award, ECF No. 46-4.)

---

[1] Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA) on April 30, 2014.  (ECF No. 41, *see* 28 U.S.C. § 2412.)  On June 22, 2015, the United States District Court issued an order denying attorney's fees while allowing for an award of costs.  (ECF No. 45.)
[2] The motion was filed within the required sixty day period after the issuance of a notice of award by the Social Security Administration ("SSA"), pursuant to Local Rule 83.VII.07(A) (D.S.C.).
[3] This action began on July 27, 2012 when Plaintiff, pursuant to 42 U.S.C. § 405(g), filed a Complaint against the SSA seeking judicial review of a decision denying Plaintiff disability insurance benefits ("DIB").  (ECF No. 1.)  On March 31, 2014, the United States District Court reversed and remanded the case to the SSA Commissioner (ECF No. 39), and on May 16, 2016, the Administrative Law Judge ("ALJ") ruled in favor of Plaintiff, and Plaintiff was awarded past-due benefits in the amount of $60,172.00.  (ECF No. 46-1 at 1.)

1

On November 10, 2016, Defendant filed a Response to Counsel's motion, posing no objection. (ECF No. 47.) Defendant did question, however, the necessity in being a party to the motion, arguing that fees awarded under § 406(b) are paid from claimant's benefits. (*Id.*)

After reviewing Counsel's supporting memorandum (ECF No. 46-1), Plaintiff's Attorney Fee Agreement (ECF No. 46-3), and the SSA's Notice of Award (ECF No. 46-4), the court concludes Counsel's request for attorney's fees reasonable.[4]

Therefore, Counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $9,043.00 ($15,043.00 less the amount of $6,000.00 previously paid by Defendant to Counsel). Fees granted pursuant to 42 U.S.C. § 406(b)(1) are paid from Plaintiff's past-due benefits, rather than from SSA agency funds. Defendant is currently withholding the $9,043.00 remainder. (*See* ECF No. 46-4.)

Based on the aforementioned reasons and a thorough review of the record in this case, Counsel's Motion for Attorney's Fees (ECF No. 46) is **GRANTED**, and the court orders Defendant to certify and release the $9,043.00 remainder of the past-due benefits to Counsel.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 20, 2017
Columbia, South Carolina

---

[4] Counsel's motion satisfies the requirements of *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and the reasonableness requirement of § 406(b)(1). The fee requested does not exceed 25% of the past-due benefits, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case.